Alam v. Blanche

BIA
Farber, IJ
A206 181 893

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand twenty-six.

PRESENT:
>      MICHAEL H. PARK,
>      STEVEN J. MENASHI,
>      SARAH A. L. MERRIAM,
>           *Circuit Judges.*

_____

JAHANGIR ALAM,
>      *Petitioner*,

>      v.                                                          **24-1942**
>                                                                  **NAC**

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**∗
    *Respondent.*

_____

FOR PETITIONER:          Xiaotao Wang, Law Office of Xiaotao Wang, P.C., New York, NY.

FOR RESPONDENT:          Yaakov M. Roth, Acting Assistant Attorney General; Margot P. Kniffin, Alanna T. Duong, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jahangir Alam, a native and citizen of Bangladesh, seeks review of a June 17, 2024, decision of the BIA affirming an October 8, 2021, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Alam*, No. A 206 181 893 (B.I.A. June 17, 2024), *aff'g* No. A 206 181 893 (Immigr. Ct.

---

∗ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent. The Clerk of Court is directed to amend the caption as set forth above.

N.Y.C. Oct. 8, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the government moves for summary denial of Alam's petition for review. Although this Court may "dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue," we construe the government's motion as its brief and deny the petition on the merits. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995).

"When the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (per curiam). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard," and "[w]e review *de novo* questions of law and the application of law to fact." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of

3

the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Alam was not credible as to his claim that he was repeatedly threatened and once beaten by supporters of opposing political parties because of his support of the Awami League.

First, the agency reasonably relied on inconsistent statements about when and how Alam's leg was injured. In his written statement, Alam described an incident in which he was accosted by a group of opposing party members, one of whom hit him with a hockey stick, causing him to fall; he got up and ran away, but while running his leg was cut "with the blade of a knife thrown at [him] from

4

behind," and one of his attackers chased him with a gun. Certified Admin. R. ("CAR") at 327. Consistent with that account, both of Alam's parents wrote letters asserting that Alam's leg was cut by a knife thrown as he ran away. *See* CAR at 335, 342. But Alam initially testified that he was cut by the attackers while on the ground, before running away. *See* CAR at 138-39. When asked why his parents' letters asserted otherwise, he directly contradicted his parents' letters and his own written statement, confirming that the cut "didn't happen when [he] was running," and suggesting that his father might have been mistaken because he was "quite old." CAR at 194. Alam's brief here does not take a clear position on which account is correct; he first repeats his original claim that he was cut by a knife thrown at him while he was running away, *see* Alam Br. at 8, but then argues that his parents' statements (giving that same account) should not be given weight, *see* Alam Br. at 12, and emphasizes that his brother wrote that he was cut *before* running away, *see* Alam Br. at 11-12.[1] Alam maintains that the inconsistency is trivial; we disagree. It is an important element of the only physical assault alleged. In any event, the agency "may rely on *any* inconsistency or omission in

[1] Contrary to Alam's argument, the IJ interpreted Alam's brother's letter as saying that he was cut *before* running – which would be consistent with Alam's testimony at the hearing, but inconsistent with his written statement and his parents' letters.

making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible," *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), and it therefore may consider the cumulative effect of even minor inconsistencies, *see id.* ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation modified)).

Second, the agency reasonably found it implausible that Alam could run away (and outrun an armed assailant) if he had been beaten in the way he described at his hearing. Alam testified that the beating lasted 45 minutes or longer and that he lost consciousness. *See* CAR at 139, 192-93. We defer to a plausibility finding when, as here, the agency's "inference is made available . . . by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007). Similarly, the agency did not impermissibly speculate when it found implausible Alam's testimony that he recognized some of his attackers, and members of another party who approached him in an earlier incident because he had seen them attending their parties' rallies, in light of Alam's previous testimony that

6

these rallies involved hundreds of people, and that he had only passed by the rallies at a distance weeks before encountering these people again.[2] *See Siewe*, 480 F.3d at 169.

Third, the agency reasonably relied on Alam's inconsistent statements about whether he or his brother consulted party leaders about whether to report the beating to the police. Alam initially testified that he consulted the party leaders himself. *See* CAR at 142 ("I told my party chief and the party supervisors about this, but they said it's not a good idea to talk about it."). He changed that testimony only after being confronted with his inconsistent written statement that it was his brother who consulted a party leader. *See* CAR at 327 ("My elder brother went to our local party leader to consult him before reporting the incident to the police" and the leader "told him that his own life would be in danger if he made any complaint against the Awami League.").

Finally, it was reasonable for the agency to find not credible Alam's testimony that opposing party supporters repeatedly came to his parents' home

---

[2] Because the agency's implausibility findings are "tethered to the evidentiary record," we do not address the government's argument that Alam's challenge to these findings is too cursory. *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007); s*ee also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

looking for him for years after he left the country, but never harmed or threatened to harm his father, whom Alam testified engaged in the same types of political activities and held a prominent position in the party. *See* CAR at 135, 191-92; *see also Siewe,* 480 F.3d at 168 ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

In sum, substantial evidence supports the agency's adverse credibility determination given the multiple inconsistencies and implausibility findings.[3] *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Siewe*, 480 F.3d at 168-69. The adverse

---

[3] Alam challenges the IJ's finding that Alam's father's letter identified two physical assaults; even assuming this was error, remand would be futile given the weight of the multiple error-free findings relating to matters central to Alam's claim. *See Singh v. BIA*, 438 F.3d 145, 147-48 (2d Cir. 2006) ("When an IJ's decision contains errors, . . . we may nevertheless deem remand futile and deny the petition for review if (1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded." (citation modified)).

credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate.[4]  *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

---

[4] Alam argues that country conditions evidence satisfies his burden by establishing widespread political violence in Bangladesh, but he does not point to independent credible evidence that he is politically active and thus similarly situated to the victims of such violence.